IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREW TOLIVER, <br> TDCJ No. 1715875, | § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:20-cv-3394-E-BN |
| DAVID GUTIERREZ, ET AL., | | |
| Defendants. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Andrew Toliver, a former Texas prisoner, residing at a free world address in this district and proceeding *pro se*, filed a construed 28 U.S.C. § 2254 application for a writ of habeas corpus concerning alleged parole procedures; he then filed, in his pending habeas case, an amended petition, through which he sought monetary damages from the state parole officials that he previously named as respondents, in their official capacities; and, after construing the later filing as a civil rights complaint, the Court dismissed Toliver's 42 U.S.C. § 1983 claims with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and directed the Clerk of Court to, for statistical purposes, open and then close this Section 1983 action.

This closed action, like Toliver's first-filed, habeas case is assigned to United States District Judge Ada Brown and referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and Judge Brown's standing order of reference.

Toliver has now filed an amended Section 1983 complaint [Dkt. No. 3], again

seeking monetary damages against high ranking state parole officials – the two named in the original construed complaint plus an official identified as a regional director for the parole board.

The Court should construe this filing as seeking leave to file an amended complaint after entry of judgment. And the allegations in the proposed amended complaint reflect that Toliver has, as with his initial complaint, sued the state parole officials in their official capacities. *See Robinson v. Hunt Cnty., Tex.*, 921 F.3d 440, 446 (5th Cir. 2019) ("To determine whether a defendant is being sued in his or her official or individual capacity, [a court should] examine '[t]he allegations in the complaint'" "and '[t]he course of proceedings[.]'" (quoting *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973) (per curiam), then *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985))).

So, like his initial Section 1983 claims, Toliver's amended "claims are against the entity that [state officials represent], that is, the Texas Board of Pardons and Paroles" and are therefore "barred by the Eleventh Amendment." *Beaty v. Tex. Bd. of Pardons & Paroles*, Civ. No. CC-07-037, 2008 WL 447724, at *6 (S.D. Tex. Feb. 18, 2008) (noting that the Board "is a division of the [Texas Department of Criminal Justice,] a state agency, and as such, is 'cloaked with Eleventh Amendment immunity'" (quoting *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995); citations omitted)); *accord Graham*, 473 U.S. at 165 ("Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658,

690 n.55 (1978))).

Concerning post-dismissal attempts to amend a complaint, the United States Court of Appeals for the Fifth Circuit has held that the denial of leave to amend "will stand if [the plaintiff] 'has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling.'" *Parker v. Fisk*, 487 F. App'x 148, 150 (5th Cir. 2012) (per curiam) (quoting *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000)). Here, Toliver could have objected to the undersigned's recommendation that the Court summarily dismiss his Section 1983 claims – and thus proposed amended claims prior to dismissal. But he did not. He therefore "fails to show he could not have amended his complaint before dismissal. Moreover, his proposed amended complaint is virtually indistinguishable from his original complaint; therefore it would have been futile." *Id.*[1]

The Court should therefore deny Toliver's post-dismissal attempt to amend his claims. The Court should also deny his related motion for leave to proceed *in forma pauperis* [Dkt. No. 4]. And, for the reasons set out above, the Court should prospectively certify that any appeal of this action would not be taken in good faith.

---

[1] *See also Marshall v. Patel*, 317 F. App'x 395, 397 (5th Cir. 2009) (per curiam) ("Marshall's attempt to amend his complaint to add a new defendant would have been futile because it would not change the substance of Marshall's complaint, which simply does not state a claim of deliberate indifference to his serious medical needs; therefore, the district court did not err in denying Marshall's motion." (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864-65 (5th Cir. 2003))); *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (leave to amend is not required where an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a [Federal Rule of Civil Procedure] 12(b)(6) motion'" (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))).

*See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3).

## Recommendation

The Court should deny the construed motion for leave to file an amended complaint [Dkt. No. 3], deny leave to proceed *in forma pauperis*, *see* Dkt. No. 4, and prospectively certify that any appeal of this action would not be taken in good faith.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 3, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE